**MELLON BANK, N.A., Successor Trustee of the WEISS PACKING COMPANY, INC. PROFIT SHARING PLAN, Appellant,**

v.

**Melvin H. LEVY.**

**No. 02–2734.**

United States Court of Appeals, Third Circuit.

Argued July 9, 2003.

Decided Aug. 6, 2003.

Richard B. Tucker, III, (Argued), William H. Powderly, III, Tucker Arensberg, Pittsburgh, PA, for Appellant.

David L. Haber, (Argued), Weinheimer, Schadel & Haber, Pittsburgh, PA, for Appellee.

Before NYGAARD and SMITH, Circuit Judges and IRENAS,* Senior District Judge.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

The Weiss Packing Company Profit Sharing Plan falls under the protections of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* During the relevant period, the trustees of the Plan were Selwyn, Seymour, and Wilfred Weiss. In 1989, Selwyn Weiss, in his individual capacity, sold property to the Plan for $450,000. As part of the deal, the Plan took out a loan and mortgage against the property for the $450,000. Before loaning money to the Plan, the transacting bank requested that the Plan provide it an opinion of counsel that the sale from Selwyn Weiss, as owner of the property, to the Plan, for which Selwyn was a co-trustee, was not prohibited by applicable state and federal law and would not impede the bank's mortgage.

Appellee, Melvin Levy was both counsel for Selwyn Weiss and for the Plan. Levy, a lawyer and CPA, wrote an opinion letter to the bank opining that the proposed sale did not violate state or federal law in such a way as to impair the mortgage. The bank accepted the opinion and loaned the necessary funds to the Plan in exchange for a mortgage on the property. Ultimately, the sale was deemed to violate ERISA, because a fiduciary cannot cause the Plan to sell or exchange property between the Plan and a party-in-interest (such as Selwyn), and a trustee is not allowed self-dealing. *See* 29 U.S.C. § 1106(a)(1)(A). Thus, the Plan became subject to back taxes and penalties for the failure to properly classify the transaction and pay taxes on the rental income.

Appellant, Mellon Bank was appointed by the District Court as successor trustee, and initiated this lawsuit in 2001, alleging that Levy's role in the transaction and his control over the opinion letter subject him to liability as a fiduciary to the Plan, or at least as a party-in-interest to the transaction. The Magistrate found that Levy was not a fiduciary or subject to liability as a party-in-interest based on the allegations in the complaint and recommended dismissal for failure to state a claim. The District Court adopted the Magistrate's Report and dismissed the action. Mellon Bank appeals. We will affirm for two reasons: Mellon's complaint is barred by the applicable statute of limitations, and Mellon's complaint cannot state a claim against Levy under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

I.

First, even assuming *arguendo* that Levy is a fiduciary, Mellon's claims are

---

\* Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

barred by ERISA's statute of limitations. The applicable provision provides that:

No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

■ As alleged in the complaint, Levy's letter was written, and the transaction concluded, in 1989. Mellon did not file suit until twelve years later in 2001. Based on the statute, Mellon had the earlier of six years from when the action constituting breach occurred in 1989, or three years from when it had actual knowledge of the breach. Mellon defends its failure to file within six years of 1989 by asserting that it only learned of the transaction when the Secretary of Labor filed suit in 1997 and it was appointed successor trustee. However, section 1113(2) provides that a plaintiff must file suit within three years from the date of actual knowledge. Mellon did not file within three years of discovery in 1997, but waited until 2001. To avoid the three-year statute of limitations in section 1113(2), Mellon Bank argues that the trustee's illegal failure to report the transaction constitutes a "case of fraud or concealment," extending the limitation to six

years from the date of discovery. It is clear from the complaint, however, that Mellon has not alleged concealment.

We require an active step of concealment to trigger the additional six years related to the discovery of a "case of fraud or concealment." *See In re Unisys Corp.,* 242 F.3d 497, 503 (3d Cir.2001) ("[W]hether there is evidence that the defendant took *affirmative steps* ... to hide its breach of fiduciary duty."). Mellon's complaint fails to allege affirmative steps of concealment. The complaint merely identifies Levy's involvement as issuing the opinion letter at the request of the lending bank. Mellon does not allege that Levy prepared later tax returns, advised the trustees to misidentify the property, or in any way concealed the transaction. Even with respect to the actual letter, Levy did not classify the property, but only stated that no state or federal law would invalidate the lending bank's mortgage.

## II.

With respect to the merits of Mellon's ERISA claims, Mellon initially alleges that Levy was a fiduciary based on the supposed control he had over the transaction. As the Magistrate noted, the Department of Labor regulations do not view attorneys as fiduciaries when they are "performing their usual professional functions." 29 C.F.R. § 2509.75-5. This corresponds to our position in *Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146, 1150 (3d Cir. 1989) ("[A]ccountants, attorneys, and other outside consultants [are] treated as plan fiduciaries only if they go beyond their normal roles and assume management or administrative responsibilities."). Here, the functions allegedly performed by Levy do not transcend the bounds of a lawyer's normal role. Even assuming all of Mellon's allegations as true, Levy did no more

than render a legal opinion at the request of his employer with the knowledge that the opinion affected the trustee's ability to purchase the property.

■ Mellon attempts to allege control of the transaction by Levy, but short of a nonsensical reading of the complaint, it has failed to allege that Levy controlled *the decision of the Plan* to proceed with the transaction. There is a logical difference between the decision, made by the trustees, to initiate and proceed with the transfer of the property and the decision by Levy to render an erroneous legal opinion. Levy never controlled the ultimate decision to buy the property. His opinion was a necessary condition to the completion of the decision, but Mellon has never alleged that the trustees relinquished control to Levy or that Levy actively advised the Plan to proceed with the transaction. Simply put, it was the trustees' decision to purchase the property and seek the mortgage, not Levy's.

Under ERISA, "a person is a fiduciary with respect to a plan to the extent ... he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1009(21)(A)(1). The Supreme Court has explained that the determination of whether a person is a fiduciary is not rigid, but a functional analysis based on control and authority. *Mertens v. Hewitt Associates,* 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Thus, "[p]rofessional service providers such as actuaries [or lawyers] become liable for damages when they cross the line from adviser to fiduciary." *Id.* Here, the Magistrate Judge correctly concluded that nothing had been alleged that would allow Mellon to show that Levy controlled the transaction.

The second count against Levy alleges that, as a party-in-interest to the transaction, he is liable for the losses suffered by the Plan. The Magistrate found that Levy did not participate in the transaction and therefore dismissed the complaint. In its opinion, the Magistrate correctly identified that Levy was a party-in-interest as defined in 29 U.S.C. § 1002(14)(A)-(B) (A party-in-interest includes "any fiduciary ..., counsel, or employee of [an ERISA] plan," as well as any "person providing services to such plan."). Further, it would appear undisputed that the transaction was prohibited under ERISA. *See* 29 U.S.C. § 1106(a)(1)(A). The Magistrate, however, denied the claim based on its determination that Levy did not participate in the prohibited transaction so as to warrant relief. We agree.

The remedies available under ERISA serve to define the contours of potential nonfiduciary defendants. *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 246, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000) (holding that " § 502(a)(3) admits of no limit (aside from the 'appropriate equitable relief' caveat ...) on the universe of possible defendants."). It is not alleged that Levy ever participated in the actual exchange of money for property, ever saw profit from the transaction, or ever possessed title or right to the property or money involved. Thus, Levy's status in the transaction as alleged prevents suit by Mellon because no "appropriate equitable relief" is available. *See id.* at 251, 120 S.Ct. 2180 (comparing the limitations in relief available under ERISA to the common law of trusts and noting that "[o]nly a transferee of ill-gotten trust assets may be held liable, and then only when the transferee (assuming he has purchased for value) knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of the trust");

*Great–West Life & Annuity Insur. Co., et al. v. Knudson,* 534 U.S. 204, 214, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (holding that not all forms of equitable relief are available under ERISA, rather "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession").

### III.

In conclusion, Mellon's complaint is barred by the applicable statute of limitations. Although it is within the discretion of the District Court to allow Mellon to amend the complaint to plead active concealment, the dismissal must still stand, because we can readily infer from the pleadings that the opinion letter in question was requested by the *lending bank* in regard to the *viability of the mortgage,* not as a statement of the transaction's legality for ERISA purposes. As such, the letter constituted a usual function of an attorney and Levy is not a fiduciary. *See Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146, 1150 (3d Cir.1989). Additionally, no "appropriate equitable relief" is available against Levy as a party-in-interest. Mellon can state no claim under ERISA against Levy because he is neither a fiduciary, nor a nonfiduciary subject to ERISA's narrow form of equitable relief.

For the foregoing reasons we will affirm the order of the District Court.